# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO.

AGROINDUSTRIA OCOEÑA, S.A., a
Dominican Republic corporation,

                Plaintiff,

v.

AVOCADOS PLUS INCORPORATED, a
California corporation, d/b/a FRESH
DIRECTIONS INTERNATIONAL,

                Defendant.
_____/

### PLAINTIFF AGROINDUSTRIA OCOEÑA, S.A.'S COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL; INJUNCTIVE RELIEF SOUGHT

Plaintiff AGROINDUSTRIA OCOEÑA, S.A. ("Plaintiff" or "AIOSA"), alleges, based on actual knowledge with respect to Plaintiff and Plaintiff's acts, and on information and belief with respect to other matters, as follows:

#### NATURE OF THE CASE

1. This is a civil action for plant patent infringement under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., and specifically under 35 U.S.C. §§ 163, 271 and 281.

2. This action arises out of Defendant, AVOCADOS PLUS INCORPORATED's ("Defendant" or "Avocados Plus") using, selling, offering for sale and/or importing avocado fruits ("the Accused Products") that infringe a plant patent owned by AIOSA.

#### THE PARTIES

3. AIOSA is a Dominican Republic corporation, with a principal place of business at

Autopista 6 de Noviembre Km 12 El Cajuilito, Dominican Republic.  AIOSA is engaged in growing, harvesting, selling, exporting and importing fruits and vegetables, including avocados, grown in the Dominican Republic, including the selling and importing, in and into the United States, of avocados covered by the plant patent that is the subject of this Complaint.

4. Avocados Plus is a privately held California corporation, with a principal place of business at 175 S.W. 7th Street, Suite 1505, Miami, FL 33130 as evidenced by the 2018 Foreign Profit Corporation Annual Report filed with the Florida Secretary of State on March 7, 2018 (Exhibit "A").  Avocados Plus is engaged in selling, offering for sale, and importing, in and into the United States, avocados grown in the Dominican Republic.

5. Avocados Plus has maintained a regular and established place of business at 175 S.W. 7th Street, Suite 1505, Miami, FL 33130 since at least as early as 2011 as evidenced by records maintained by the Florida Secretary of State.

6. Since at least as early as 2010, Avocados Plus has used the fictitious name "FRESH DIRECTIONS INTERNATIONAL" as evidenced by Applications for Registration of Fictitious Name made by Avocados Plus with the Florida Secretary of State on October 25, 2010 and April 22, 2016 (Composite Exhibit "B").

7. Since at least as early as 2005, Avocados Plus is the owner of U.S. Federal Trademark Registration No. 2,371,720 for the mark "AVOPRO" for "fresh fruits, namely, avocado", as evidenced by a registration certificate and trademark assignment issued and maintained by the United States Patent and Trademark Office (Composite Exhibit "C").

8. Since at least as early as 2005, Avocados Plus is the owner of U.S. Federal Trademark Registration No. 2,264,916 for the mark "FRESH DIRECTIONS

INTERNATIONAL" for "fresh fruits, namely, avocados, mangoes and papayas", as evidenced by a registration certificate and trademark assignment issued and maintained by the United States Patent and Trademark Office (Composite Exhibit "D").

9.   Avocados Plus uses the "AVOPRO" and/or "FRESH DIRECTIONS INTERNATIONAL" marks, or similar marks, to identify its avocados on sale in the United States.

### JURISDICTION AND VENUE

10.   The Court has federal question and diversity subject matter jurisdiction of this action. The Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because of the claim under 35 U.S.C. § 271 for patent infringement. The Court has diversity jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states (Dominican Republic and California), and because the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000).

11.   The Court has personal jurisdiction in this action because Avocados Plus has its principal place of business in this judicial district, and because Avocados Plus conducts business, including using, importing, selling and/or offering to sell products and services in connection with the allegations of this lawsuit, in the State of Florida and in this judicial district.

12.   Avocados Plus has purposely directed contacts with and within this judicial district, purposely avails itself of the privilege of conducting business activities within the State of Florida and this judicial district, has continuous and systematic contacts with and within the State of Florida and this judicial district, and transacts substantial business, including generally and specifically in relation to the causes of action and acts of infringement alleged herein, either

directly or through agents, on an ongoing basis in the State of Florida and this judicial district.

13. Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because Avocados Plus has a regular and established place of business in this judicial district and has committed acts of patent infringement in this judicial district.

## PATENT

14. AIOSA owns all right, title and interest in U.S. Plant Patent No. PP16,594 ("the '594 Patent" or "the Patent-in-Suit"), including the right to sue thereon and the right to recover for infringement thereof.

15. The '594 Patent is entitled "Avocado Tree Named 'Carla,'" and was duly and legally issued by the United States Patent and Trademark Office on May 30, 2006, after a full and fair examination. A copy of the '594 Patent is attached as Exhibit "E".

16. The '594 Patent is presumed valid and enforceable, and, pursuant to 35 U.S.C. § 271(a), entitles AIOSA to exclude others from making, using, offering for sale, or selling the claimed invention within the United States, and from importing the claimed invention into the United States.

17. More specifically, pursuant to 35 U.S.C. § 163, the '594 Patent entitles AIOSA to exclude others from using, offering for sale or selling the asexual reproductions of the patented plant, or any of its parts (including fruit), throughout the United States, or from importing asexual reproductions of the patented plant, or any parts thereof (including fruit), into the United States.

## INFRINGING PRODUCTS

18. Since at least as early as 2012, Avocados Plus has used, offered to sell, sold

and/or imported into the United States products that infringe the '594 Patent, including without limitation avocados bearing the AVOPRO and/or FRESH DIRECTIONS INTERNATIONAL trademarks ("the Accused Products").

19. Accused Products sold, offered for sale and/or imported by Avocados Plus have been purchased in supermarkets in this district as recently as February 2018. The Accused Products purchased in February 2018 are marked with the AVOPRO trademark and are labeled as "Produce of Dominican Republic," evidencing their importation into the United States. A photograph of the Accused Product is attached as Exhibit "F."

20. A test comparison of DNA from the Accused Products with that of fruit from the patented tree reveals that they share identical genetic stock and originate from the same tree or from an asexually reproduced clone copies of the same tree. In other words, the tree or trees from which the Accused Products originate was asexually reproduced from the patented tree.

21. The Accused Products constitute "parts" of trees that were unlawfully asexually reproduced from the tree covered by the '594 Patent. Accordingly, the above-referenced DNA comparison conclusively establishes that Avocados Plus has offered for sale, sold, and/or imported, infringing products, in and into the United States in violation of 35 U.S.C. §§ 163, 271 and 281.

22. At no time has AIOSA provided Avocados Plus with any express or implied authorization, license, or permission to practice the invention claimed in the '594 Patent.

23. In fact, on or about August 6, 2012, AIOSA delivered to Avocados Plus express written notice of the '594 Patent and that its avocados bearing the varietal denomination "Carla" sold, offered for sale and/or imported, in and into the United States, infringed the '594 Patent. A

5

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

copy of AIOSA's notice is attached as Exhibit "G." Avocados Plus's infringement of the '594 Patent continued unabated even after receiving said notice.

24.    Accordingly, Avocados Plus has been making, using, offering to sell, selling and/or importing the Accused Products with express knowledge of the '594 Patent and with express knowledge that the Accused Products infringe the '594 Patent.

## COUNT I
## INFRINGEMENT OF THE '594 PATENT

25.    Avocados Plus has directly infringed, and continues to directly infringe, the '594 Patent in violation of 35 U.S.C. §§ 163 and 271(a), by using, offering to sell, selling, and/or importing into the United States, without authority, Accused Products that infringe the '594 patent.

26.    Avocados Plus offers to sell and/or sells directly and/or through intermediaries, Accused Products to customers and end consumers in the United States, including in this judicial district.

27.    Avocados Plus has indirectly infringed, and continues to indirectly infringe, the '594 patent in violation of 35 U.S.C. § 271(b), by knowingly inducing users, importers, and resellers of the Accused Products to infringe the '594 Patent and by possessing a specific intent to encourage infringement by users, importers, and resellers of the Accused Products.

28.    Avocados Plus's patent infringement has allowed Avocados Plus to reap a substantial unfair commercial and competitive advantage.

29.    Avocados Plus's patent infringement has been, and continues to be, willful with full knowledge of the '594 patent and AIOSA's rights therein.

30. AIOSA has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, through lost profits, lost sales, and/or lost royalties, due to Avocados Plus's infringement.

31. Avocados Plus's infringement of the '594 Patent has caused, and unless restrained and enjoined, will continue to cause, irreparable harm to AIOSA that cannot be adequately quantified or compensated by monetary damages alone, and for which there is no adequate remedy at law. AIOSA is entitled to preliminary and permanent injunctive relief preventing Avocados Plus from continuing to engage in patent infringement.

32. As a direct and proximate result of Avocados Plus's patent infringement, AIOSA is entitled to recover actual damages in an amount to be proven at trial, but in no event less than a reasonable royalty.

33. Avocados Plus's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling AIOSA to enhanced damages, reasonable attorney's fees and costs in this action.

### PRAYER FOR RELIEF

Wherefore, AIOSA respectfully requests that the Court enter judgment in favor of AIOSA and grant the following relief:

34. Declare that the '594 Patent is valid, and that Avocados Plus has infringed the '594 Patent in violation of 35 U.S.C. §§ 163 and 271;

35. Preliminarily and permanently enjoin Avocados Plus, its officers, agents, representatives, distributors, employees, affiliates, parents and subsidiary companies, attorneys, and other persons in active concert or participation with them from infringing the '594 Patent,

including requiring Avocados Plus to provide written notice to all enjoined parties;

36. Award AIOSA damages, together with prejudgment and post-judgment interest, in an amount adequate to compensate AIOSA for Avocados Plus's infringement of the '594 Patent;

37. Award AIOSA treble damages pursuant to 35 U.S.C. § 284 as a consequence of Avocados Plus's willful infringement of the '594 Patent;

38. Declare this case exceptional pursuant to 35 U.S.C. § 285 and award AIOSA its costs and attorney's fees; and

39. Award AIOSA such other costs and further relief as the Court finds just and proper.

## DEMAND FOR JURY TRIAL

AIOSA hereby demands a trial by jury of all matters so triable.

*[signature on following page]*

CASE NO.

Date: September 10, 2018　　　　　　　Respectfully submitted,

**LOTT & FISCHER PL**

**/s/ Ury Fischer**
Ury Fischer
Florida Bar No. 048534
E-mail: ufischer@lottfischer.com
Noah H. Rashkind
Florida Bar No. 021945
E-mail: nrashkind@lottfischer.com
255 Aragon Avenue, Third Floor
Coral Gables, FL 33134
Telephone: (305) 448-7089
Facsimile: (305) 446-6191

*Attorneys for Plaintiff Agroindustria Ocoeña, S.A.*